IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIARA TYLER,** * | |
| A minor, by his mother * | |
| And next friend, * | |
| **NORMA E. GALES** * | |
| 925 K Street, N.E. * | |
| Washington, D.C. 20002 * | |
| * | |
| and * | |
| * | **Civil Action No:** |
| **NORMA E. GALES** * | |
| 925 K Street, N.E. * | |
| Washington, D.C. 20002 * | |
| Plaintiffs * | |
| * | |
| v. * | |
| * | |
| * | |
| DISTRICT OF COLUMBIA * | |
| A municipal corporation, * | |
| 1350 Pennsylvania Ave., N.W. * | |
| Washington, D.C. 20004 * | |
| * | |
| Serve on: * | |
| D.C. Attorney General * | |
| One Judiciary Square * | |
| 441 4th Street, N.W., Suite 600 * | |
| Washington, D.C. 20001 * | |
| * | |
| and * | |
| * | |
| **CLIFFORD B. JANEY** * | |
| The Superintendent, * | |
| District of Columbia Public Schools * | |
| 825 North Capitol Street, NE * | |
| Washington, D.C. 20002 * | |
| Defendants(s) * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1.      This Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§1400 et seq.; The Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.      Tiara Tyler is a nine year old child with disability in the custody of his mother, Norma E. Gales in the District of Columbia, and is eligible for services pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3.      The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with IDEIA and section 504.

4.      Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5.      Tiara Tyler is a 9 year old student who was in need of special education services but was not identified, despite signs of behavioral and academic problems to alert the school system, until Norma Gales, the mother of Tiara took it upon herself to complete a psychiatric evaluation on 6/5/02.

6. The parent submitted the evaluation to DCPS but no action was taken until 2003 when DCPS finally completed a psycho-educational evaluation which determined that Tiara was eligible for special education services.

7. Tiara has been attending Payne Elementary School since 2003 and is not progressing. She continues to exhibit behavioral and academic problems, lack of focus, distraction and inattentiveness some of which appear to be attributed to ADHD.

8. Tiara Tyler is supposed to be receiving special education and related services as a 3rd grade student. Specifically, her most recent IEP calls for her to receive 29.5 hours/week of specialized instruction, 1.5 hours/week of psychological counseling, and 1 hour/week of speech-language therapy.

9. Tiara Tyler is classified as Emotional Disturbed on her IEP and spends 100% of her time out-of-general education at Payne Elementary School.

10. Tiara Tyler has been exhibiting signs of ADHD which has been impacting her education and daily living. Nonetheless, DCPS has not performed any evaluation to determine how her ADHD impacts her education or whether she requires medication.

11. DCPS did not include on Tiara's most recent IEP, ADHD as one of her disability classification nor did they provide any services related to her ADHD.

12. DCPS convened an MDT meeting on 8/2/05, whereby the team recommended a full time therapeutic center with on-site crisis intervention and a psychologist for Tiara.

13. During the MDT meeting on 8/2/05, the Plaintiffs requested that Tiara be placed at Accotink Academy or Kennedy Institute because it would provide Tiara the therapeutic environment needed for her education. This request was rejected by DCPS for no apparent reason.

14.     DCPS determined that it would send Tiara's IEP to the Site Review Consideration Team to make an appropriate placement decision for Tiara before the beginning of the school. Norma Gales the mother of Tiara is not a member of this Site Review Consideration Team and thus cannot participate in making the placement decision.

15.     That DCPS failed to consider school of parent's choice in its placement decision and have also failed to provide Tiara with all her psychological counseling services and speech-language therapy mandated by her IEP.

16.     That DCPS has failed to provide Tiara with an appropriate placement for the current school year despite the fact that the MDT determined that she needed another placement besides Payne Elementary School.

17.     That Tiara's most recent IEP although inappropriate, has not been appropriately implemented because DCPS has failed to provide the services in a full time therapeutic center as recommended by the MDT.

18.     That the Hearing Office on August 16, 2005, held that DCPS met its obligation under the IDEA despite evidence presented at the administrative hearing to the contrary.

## COUNT I

19.     Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

20.     Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants violated IDEIA and denied Plaintiffs due process by failure to provide timely evaluations in all areas of suspected disability, and failure to consider independent evaluations in a timely manner.

## COUNT III

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA and denied Plaintiffs due process by failing to provide Tiara with appropriate IEP and related services addressing her ADHD.

## COUNT IV

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA and denied Plaintiffs due process when it failed to consider school of parent's choice and did not include parent as part of the team to make placement decision for Tiara.

## COUNT V

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated IDEA and denied Plaintiffs due process when it failed to provide Tiara with compensatory education for denial of FAPE because she was not identified as required pursuant to "child Find."

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants;

2. Issue appropriate injunctive relief requiring defendants to place and fund Tiara Tyler at the Accotink Academy for the remainder of the school year;

3. Issue appropriate injunctive relief requiring defendants to convene and MDT meeting to revise Tiara's IEP to include classification for ADHD;

4. Issue an order awarding compensatory education to the plaintiff;

5. Award plaintiffs attorneys' fees and the costs of this action;

6. Award any other and further relief the Court deems just and proper.

        Respectfully submitted,
        THE IWEANOGES' FIRM P.C.

By:_____
    Jude C. Iweanoge, Bar #493241
    1010 Vermont Avenue, NW, Suite 600
    Washington, D.C. 20005
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: jci@iweanogesfirm.com