## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORMA E. GALES *et al.* | ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-2259 (RMC) |
|  | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

### **DEFENDANTS' MOTION TO DISMISS**

Come now defendants, District of Columbia and Clifford Janey, by and through counsel, and move this Court to dismiss the Complaint, pursuant to FRCP 12 (b)(6), on the grounds that the Complaint fails to state a claim upon which relief can be granted. The grounds for said motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South

Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625

January 11, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORMA E. GALES, *et al.* )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-2259 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Preliminary Statement**

On November 21, 2005, plaintiffs filed a Complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400, *et seq.,* in which they appeal a Hearing Officer's Determination ("HOD") issued on August 16, 2005.

**I.    Plaintiffs' claim is barred by the applicable statute of limitations**

The IDEA does not specify a limitations period for challenging a due process hearing determination.  Where Congress has not established a statute of limitations for a cause of action, "it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies." *Spiegler v. District of Columbia*, 866 F.2d 461, 463-464 (D.C. 1989).  See also, *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240 (1985); *Johnson v. Railway Express Agency, Inc*. 421 U.S. 454, 462 (1975).

In *Spiegler supra,* the D.C. Circuit, in a case of first impression, concluded that an appeal of a hearing officer's determination under the IDEA "is sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." *Id.* at 466.

While the *Spiegler* Court recognized that some other jurisdictions had adopted longer limitation periods, it concluded that the shorter time chosen was more consistent with IDEA's intention "to ensure prompt resolution of disputes regarding appropriate education for handicapped children. This includes the judicial review process and suggests the propriety of a relatively short statute of limitations." *Id*. at 467.[1]  Subsequent rulings by courts in this jurisdiction have followed *Spiegler.*  E.g., *Smith v. Squillacote,* 800 F.Supp. 993, 996 (D.D.C. 1992).

In the instant case, the Hearing Officer issued his decision on August 16, 2005. (Complaint at 4, par. 18)  Thus, plaintiffs needed to file their Complaint by September 15, 2005.  However, plaintiffs did not file their Complaint until November 21, 2005. Accordingly, their claim should be barred as untimely.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss should be granted and plaintiffs' Complaint should be dismissed with prejudice.

---

[1] Most other courts addressing the issue have similarly adopted abbreviated periods for the filing of court actions under IDEA. See, e.g., *King v. Floyd County Board of Education*, 228 F.3rd 622 (6th Cir. 2000); *Wagner v. Logansport Community School Corporation*, 990 F.Supp. 1099 (N.D. Ind. 1997); *Gertel v. School Committee o*f t*he Brookline School District,* 783 F.Supp. 701 (D. Mass. 1992).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

<u>/s/ Maria L. Merkowitz</u>
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625

January 11, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMA E. GALES *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-2259 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

### **ORDER**

Upon consideration of Defendants' Motion to Dismiss, Plaintiffs' Opposition to the same, and the entire record herein, it is this _____ day of _____ 2006, hereby

ORDERED, that Defendants' Motion to Dismiss is GRANTED, and,

IT IS FURTHER ORDERED, that Plaintiffs' Complaint is dismissed with prejudice.

_____
Judge Rosemary M. Collyer