**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NORMA E. GALES, et al** * | |
|     Plaintiffs * | |
| * | **Civil Action No:05-2259 (RMC)** |
| v. * | |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
|     Defendants * | |
| ************************************** | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, Norman E. Gales and T.T., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendants Motion to Dismiss Plaintiffs Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto.

                                          Respectfully submitted,
                                          THE IWEANOGES' FIRM P.C.


By:_____/s/_____
        Jude C. Iweanoge
        Federal District Building-Suite 600
        1010 Vermont Avenue, NW
        Washington, DC 20005
        Phone: (202) 347-7026
        Fax: (202) 347-7108
        Email: jci@iweanogesfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NORMA E. GALES, et al** * | |
| Plaintiffs * | |
| * | Civil Action No:05-2259 (RMC) |
| v. * | |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
| Defendants * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**PROCEDURAL POSTURE**

On or about November 15, 2005[1], Plaintiffs filed a Complaint pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants violation of Plaintiffs' rights under the IDEIA. See Plaintiffs Exhibit 1 attached.

On or about December 12, 2005, District of Columbia was served with the summons and Complaint in this matter. On or about December 19, 2005, Defendant Superintendent of District of Columbia Public Schools was also served with summons and complaint in this matter.

On or about January 11, 2006, Defendant filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiff claim is barred by the applicable statute of limitation.

**STANDARD OF REVIEW**

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to

---

[1] Plaintiffs Complaint was filed on November 15, 2005, in the after hours box. The clerk entered it as being filed on November 21, 2005.

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. <u>See Shear v. National Rifle Association of America</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. <u>Ezra v. Pedas</u>, 682 A.2d 173, 174 (D.C. 1996). The defendants' have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

**I.    PLAINITFF'S CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE TIME MANDATED BY IDEA**

Defendants contend in their motion that IDEA does not specify a limitation period for challenging a due process hearing determination. In addition, Defendants relies on <u>Spiegler v. District of Columbia</u>[2], 866 F.2d 461 (D.C. Cir. 1989), for the proposition that this Court should borrow the 30-day local limitation period applicable to appeal of administrative decisions. Defendants' contention that Plaintiffs claim is time barred by the applicable statute of limitation is without merit and must fail.

Defendant loquacious assertion that IDEA does not specify a limitation period is utterly incorrect. The Individual with Disabilities Education Act ("IDEA") 20 U.S.C. §1415(i)(2)(B), as amended and effective July 1, 2005, states in pertinent parts:

---

[2] In <u>Spiegler,</u> the court was mindful that a compressed appeal period could impose hardship on parents resulting in the imposition of strict notice requirement on local agencies and the incorporation of the states tolling ruling with the underlying limitations period to the extent they are not inconsistent with federal law. 866 F.2d at 467-69.

> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

20 U.S.C. §1415(i)(2)(B). Clearly, in light of the above stated provision of the IDEA, it is undisputed that IDEA mandates that an action can be brought within 90 days from the date of the hearing officer's decision except where the state has an explicit time limitation.

In the case *sub judice*, Defendants concede that there is no explicit time limitation in the District of Columbia to appeal the decision of a hearing officer. Therefore the applicable statute of limitation would be 90 days pursuant to 20 U.S.C. §1415(i)(2)(B).

Rule 15(a) of the District of Columbia Court of Appeals grants additional five (5) days from the date of the mailing of the decision or order to file a petition for review of agency order, if the decision was made outside the presence of the parties. See <u>Flores v. D.C. Rental Housing Commission et al</u>, 547 A.2d 1000, 1003 (D.C. 1988). In the instant case, the Hearing Officer's decision was not made in the presence of the parties; therefore, Plaintiffs' had ninety-five (95) days within which to file a complaint.

Since Plaintiffs' complaint would have been timely if filed within 95 days of the decision in Superior Court of District of Columbia, it would result in inconsistent result if the United States District Court for the District of Columbia finds D.C.C.A. Rule 15(a) inapplicable to a complaint for review filed before it.

Since the hearing officer's determination was issued on August 16, 2005, Plaintiffs Complaint is timely and should not be dismissed.

**II.     PLAINTIFFS' COMPLAINT WAS TIMELY FILED AND THE COURT HAS JURISDICTION TO REVIEW THE DECISION OF THE HEARING OFFICER**

Defendants' motion to dismiss should be denied because the Hearing Officer that issued the decision that forms the basis of Plaintiffs complaint recognized that an appeal of his decision can be brought within 90 days of the issuance of his order. This is established by the fact that on page 14 of the Hearing Officers' determination attached hereto as Exhibit 2, clearly states: "This is a FINAL ADMINISTRATIVE DECISION. An Appeal may be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date." As such, Plaintiffs Complaint was not due until after 90 days plus 5 days of mailing, from August 16, 2005.

In sum, Plaintiffs complaint for violation of IDEA is not time barred and should not be dismissed.

## CONCLUSION

The Court should deny Defendants motion to dismiss because Plaintiffs complaint was filed within the applicable statute of limitation.

        Respectfully submitted,
        THE IWEANOGES' FIRM P.C.

By:_____/s/_____
        Jude C. Iweanoge
        Federal District Building-Suite 600
        1010 Vermont Avenue, NW
        Washington, DC 20005
        Phone: (202) 347-7026
        Fax: (202) 347-7108
        Email: jci@iweanogesfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 20th January 2006 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                                                                                      /s/
                                                                                               Jude C. Iweanoge