UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TIARA TYLER,** *et al.*, ) | ) |
| Plaintiffs, ) | ) |
| v. ) | Civil Action No. 05-2259 (RMC) |
| **DISTRICT OF COLUMBIA,** *et al.*, ) | ) |
| Defendants. ) | ) |

## ORDER

Tiara Tyler and her mother, Norma Gales (collectively "Plaintiffs"), appeal an adverse Hearing Officer Decision ("HOD") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The HOD was issued on August 16, 2005, and Plaintiffs filed their Complaint on November 15, 2005.[1] Defendants have moved to dismiss because Plaintiffs did not file their appeal within thirty days of the agency's decision, as required by *Spiegler v. District of Columbia*, 866 F.2d 461 (D.C. Cir. 1989). Plaintiffs correctly contend that they timely filed their Complaint, because *Spiegler* is no longer applicable in light of the ninety-day limitation period set forth in the amended IDEA, 20 U.S.C. § 1415(i)(2)(B).

---

[1] Plaintiffs filed the Complaint on November 15, 2005, in the Clerk's after-hours box, but the civil cover sheet was missing. *See* Compl. (date stamp on first page and date stamp and notation on back of last page). When Plaintiffs provided the cover sheet on November 21, 2005, the Clerk officially filed the Complaint. For statute of limitations purposes, a complaint is deemed to be filed with the Clerk when it is placed in the Clerk's custody, even if it is technically deficient. *See, e.g.*, *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986) (complaint timely filed even though duplicate copies were missing); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) (complaint timely filed even though it was on the wrong size paper); *Moffitt v. United States*, 430 F. Supp. 34, 36 (E.D. Tenn. 1976) (complaint timely filed despite lack of cover sheet).

At the time *Spiegler* was decided, the IDEA[2] contained no limitations provision. *Spiegler*, 866 F.2d at 462. When Congress has not established a statute of limitations for a federal cause of action, a federal court may "borrow" one from an analogous state cause of action, so long as the state period is not inconsistent with underlying federal policies. *Id.* at 463-64 (citing, *inter alia*, *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)). Accordingly, the D.C. Circuit in *Spiegler* borrowed the thirty-day limitations period of D.C. Court of Appeals Rule 15(a), which applies to petitions for review of agency orders. *Id.* at 466.

The IDEA has since been amended to state that a party challenging an HOD "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Defendants argue that Rule 15(a), as adopted by *Spiegler*, supplies the "explicit time limitation" referenced in the latter clause of 20 U.S.C. § 1415(i)(2)(B). Courts in this district that have determined that *Spiegler* was superceded by the amendment to the IDEA and have held that the applicable statute of limitations for HOD challenges is now ninety days. *T.T. v. District of Columbia*, No. 06-0207, 2006 WL 1774320, at *7-8 (D.D.C. June 26, 2006); *Anthony v. District of Columbia*, No. 06-192, 2006 WL 1442242, at * 2 (D.D.C. May 22, 2006). This Court agrees. *But see Parker v. District of Columbia*, No. 05-188, 2006 WL 1442383, at * 2 (D.D.C. May 22, 2006) (applying *Spiegler* and 30-day limitations period without explanation, despite recognizing that IDEA was amended to provide 90-day limitations period); *Cummings v. District of Columbia*, No. 04-1426, 2006 WL 1126811, at *3 (D.D.C. Mar. 31, 2006)

---

[2] To be precise, *Spiegler* concerned the IDEA's predecessor, the Education of the Handicapped Act. *Spiegler*, 866 F.2d at 462.

(in *dicta*, assuming that 30-day period set forth in HOD applied; complaint untimely under 30 or 90-day limitations period).

Plaintiffs timely filed their complaint. The HOD was issued on August 16, 2005.[3] Plaintiffs were required to file suit no later than November 17, 2005 — 93 days after August 16. Plaintiffs were entitled to an extra three days because they received notice of the HOD decision by mail. *See Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (pursuant to Fed. R. Civ. P. 6(e), it is presumed that the EEOC's right-to-sue letter was received 3 days after it was mailed; thus, the limitations period is extended by 3 days). Plaintiffs filed their Complaint on November 15, 2005, within the limitations period.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Dkt. #2] is **DENIED.**

**SO ORDERED**.


Date: July 18, 2006                                                  /s/
                                                                     ROSEMARY M. COLLYER
                                                                     United States District Judge

---

[3] The HOD notified Plaintiffs that they had ninety days to appeal. Pls.' Opp'n Ex. 2.