**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| T.T. *by her next friend* * | |
| NORMA GALES * | |
|     Plaintiffs * | |
| * | **Civil Action No: 05-2259 (RMC)** |
| v. * | |
| * | |
| DISTRICT OF COLUMBIA, ET AL * | |
|     Defendants * | |
| ************************************** | |

**RULE 16.3 REPORT**

I. <u>STATEMENT OF FACTS AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES:</u>

    This is an action brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, appealing a Hearing Officer's Determination issued on November 7, 2005. In his decision the Hearing Officer held that DCPS had met its obligations under the IDEA and thus, did not deny the student a free appropriate public education (FAPE).

    Pursuant to Rule 16.3, the parties conferred, and their positions are as follows:

    (1) Case Tracking Category and Resolution by Summary Judgment: The parties believe this matter is likely to be disposed of on dispositive motion.

    (2) Factual and Legal Issues; Joining of Additional Parties; Amendment of Pleadings: The parties at this time do not intend to join additional parties or amend the pleadings.

    (3) Assignment to Magistrate Judge: The parties oppose assigning this case to a magistrate judge.

(4) Potential for Settlement: The Parties will not rule out the possibility of settlement and will attempt to discuss same during the course of the litigation.

(5) ADR Procedures: The Parties do not believe a referral to ADR would be appropriate at this time.

(6) Motions for Summary Judgment: The Parties believe it is possible to resolve this case by dispositive motion. The Plaintiff proposes the following timelines:

    (1) the administrative record to be filed by March 23, 2007

    (2) Plaintiff's Motion for summary judgment to be filed by April 23, 2007;

    (3) Defendant's Opposition and Motion for summary judgment to be filed by May 23, 2007;

    (4) Plaintiff's Reply to be filed by June 7, 2007;

    (5) Defendant's Reply due by June 22, 2007;

    (6) Court's decision to be entered 30 days after Replies are filed.

(7) Rule 26(a)(1) Disclosure: The Parties agree to dispense with Rule 26(a)(1) disclosure.

(8) Extent of Discovery: The parties do not currently anticipate the need for discovery.

(9) Rule 26(a)(2): The Parties do not currently anticipate any need to present expert testimony.

(10) This case is not a class action.

(11) Bifurcation of Trial or Discovery: The Parties foresee no need for this case to be bifurcated or managed in stages.

(12) Pre-Trial Conference Date: The defendants do not believe a pretrial conference will be necessary. The Plaintiff believes that the Court shall set a pretrial date after a ruling on the dispositive motions.

(13) Trial Date: The defendants do not believe a trial date will be necessary. The Plaintiff is of the position that the Court should set a trial date at the pretrial conference

                Respectfully Submitted,
                THE IWEANOGES' FIRM, P.C.

                /s/Jude C. Iweanoge/s/
                Jude C. Iweanoge, Esq.
                The Iweanoges' Firm, P.C.
                1010 Vermont Ave, N.W.
                Suite 600
                Washington, DC 20005


                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General


                /s /  Edward P. Taptich/s/
                EDWARD P. TAPTICH [012914]
                Chief, Equity, Section 2

                /s/ Maria Merkowitz/s/
                MARIA L. MERKOWITZ
                Senior Assistant Attorney General
                Equity, Section 2
                441 4th Street, N.W.
                Sixth Floor North
                Washington, DC 20001
                Phone: (202) 442-9842
                Fax:  (202) 727-3625