# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
*Student Hearing Office*

In the Matter RE:  T█████ T████ and **Payne Elementary School**

Case Information:    Hearing Dates: August 4, 2005
                     Held at: **District of Columbia Public Schools Headquarters**
                            **825 N. Capitol St., N.E.**
                            **Washington, D.C. 20002**
                     Student Identification Number: 9070042
                     Student's Date of Birth: ████/96
                     Attending School: **Payne Elementary School**
                     Managing School: **Same**
                     Hearing Request Date(s) June 29, 2005

## CERTIFICATION OF RECORD

I, **Sharon Newsome, Student Hearing Coordinator, Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding and attached Index of

Exhibits itemizes the entire record in the above entitled matter as of this date, consisting

of all letters, pleadings, orders, exhibits, depositions.

I FURTHER CERTIFY that the materials forwarded herewith are either the

original or true copy of the original documents submitted in this matter.

EXECUTED this 11th day of January 2006.

*Sharon Newsome*
**HEARING COORDINATOR**
**STUDENT HEARING OFFICE**

1

# District of Columbia Public Schools
## State Enforcement & Investigation Division
### Confidential

**FREDERICK E. WOODS,** Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of**<br><br>T██ T██<br>Date of Birth: ████/96<br>　　　　　Petitioner,<br><br>　　vs.<br><br>**The District of Columbia Public Schools,**<br>**Home School: Payne Elementary School**<br><br>　　　　Respondent. | **IMPARTIAL**<br>**DUE PROCESS HEARING**<br><br>**DECISION AND ORDER**<br><br>Hearing Request: June 29, 2005<br>**Hearing Date: August 4, 2005**<br>Held at: 825 North Capitol Street, N.E.<br>　　　Eighth Floor<br>　　　Washington, D.C. 20002<br>Post Hearing Closings Due: Aug. 9, 2005 |

*(stamp: 2005 AUG 15  9: 26  DC PUBLIC SCHOOL SYSTEM)*

| | |
|---|---|
| **Parent:** | Norma E. Gales, Mother<br>925 K Street, N.E.<br>Washington, D.C. 20002 |
| **Counsel for the Parent/Student:** | Fatmata Barrie, Esq,<br>Law Office of<br>Christopher N. Anwah, Esq., PLLC<br>Attorneys at Law<br>1008 K Street, N.W., Suite 565<br>Washington. D.C. 20001 |
| **District of Columbia Public Schools:** | Rashida Chapman, Esq.<br>Attorney Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, two-disclosure letters filed 07/28/05 that together lists ten witnesses and attached nineteen exhibits sequentially labeled TT-01 through TT-19. Two witnesses were present and testified: Norma E. Gales, the student's mother; and Sharon Millis, education advocate. And one witness testified by-phone: Anne Warnke, Assistant Education Director of Accotink Academy.

Respondent:    Admitted, without objection, a disclosure letter filed 07/28/05 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present but one witness testified by-phone: Phaedra Smith, Payne ES Special Education Coordinator.

## IV.    STATEMENT OF THE CASE

T███ T██ (T.T.), born ████/96, age 8-years 10-months, is a child with a disability receiving her special education and related services as a 3rd grade, 100% out-of-general education, Emotional Disturbed (ED) student at Payne Elementary School (Payne ES) in the District of Columbia. (R. at TT-19.)

Alleged in the parent's 06/29/05 Due Process Hearing Request is DCPS violated the IDEA, 20 U.S.C. §§ 1400 et seq., and denied T.T. a Free Appropriate Public Education (FAPE) by, inter alia, failing to perform T.T.'s Psychiatric Assessment to determine if her ADHD impacted her academic performance; failing to provide her IEP called for Speech-Language and Counseling services in school year 2004-05; failing to include ADHD as her disability classification; failing to develop an appropriate IEP that included ADHD services; and failure to make an appropriate placement to implement her IEP in school year 2004-05. (R. at TT-18.)

The Student Hearing Office, DCPS, scheduled the Due Process Hearing for 9:00 a.m., Thursday, August 4, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

3

Attorney Advisor Rashida Chapman appeared in-person for DCPS. Attorney Fatmata Barrie appeared in-person on behalf of T.T. who was not present; and her mother Norma Gales who was present.

## V.     SUMMARY OF THE EVIDENCE

The parent's five-day disclosure exhibits and the testimony of four witnesses: Norma E. Gales, the student's mother; Sharon Millis, education advocate; Anne Warnke, Assistant Education Director of Accotink Academy; and Phaedra Smith, Payne ES Special Education Coordinator are relied on in reaching this decision. These admitted exhibits are probative on the issues in this case:

1.  TT-01         The 09/02/03, 05/22/03, & 10/12/04 Hearing Officer's Decisions (HODs)
2.  TT-02         The 05/19/04 IEP and MDT Meeting Notes
3.  TT-03         The 11/10/03 IEP and MDT Meeting Notes
4.  TT-10         The 10/01/04 IEP & MDT Meeting Notes
5.  TT-11         The 04/29/05 IEP and MDT Meeting Notes
6.  TT-14         The 01/15/03 Parental Consent to Evaluate T.T.
7.  TT-15         The 12/14/04 IEP & MDT Meeting Notes
8.  TT-17         The 04/18/05 Accotink Academy Acceptance Letter
9.  TT-18         The 06/29/05 Due Process Hearing Request
10. TT-19         The 08/02/05 IEP & MDT Meeting Notes

### Issue

Did DCPS fail to evaluate T.T. in all areas of suspected disability, and fail to provide and implement an appropriate IEP and placement in school year 2004-05 by allegedly failing to perform T.T.'s Psychiatric Assessment to determine if her ADHD impacted her academic performance; failing to provide her IEP called for Speech-Language and Counseling services in school year 2004-05; failing to include ADHD as her disability classification; failing to develop an appropriate IEP that included ADHD services; and failing to make an appropriate placement to implement her IEP in school year 2004-05 all pursuant to the requirements of the IDEA at 20 U.S.C. §§ 1400 et seq.?

### Answer

No. DCPS properly evaluated the student, implemented her IEP in school year 2004-05; developed an appropriate IEP for school year 2005-06; agreed with the parent that the student needed a full-time, therapeutic program; and agreed to reconvene the student's BLMDT to discuss and decide placement for school year 2005-06, including considering the mother's two proposed placements.

4

## VI.  PRELIMINARY MATTER

Parent's counsel requested that the hearing officer recuse himself from this case. When asked by the hearing officer for both the legal and factual basis in this case for the request, parent's counsel offered not one reason specific to this case or its parties.

So after discussing the arguments for and against counsel's oral request for recusal, the hearing officer denied the request. Here is why.

The hearing officer found that parent's counsel did not cite or proffer any basis whatsoever for the recusal pursuant to existing law governing such request; and counsel did not cite or proffer any basis whatsoever based on the parties to or facts of this case that supported the request—both points effectively conceded by parent counsel's arguments.

That's because when parent's counsel was asked about the basis for her claim counsel stated two things: (1) non-specific allegations about the hearing officer's treatment of attorneys from counsel's law firm; and (2) a hearing officer comment made at an unspecified, prior due process hearing "that the IDEA is not rocket science." When pressed about the attorneys in her firm's claim, counsel refused to identify them or their specific claim. This lead the hearing officer to conclude the parent's counsel's claim is without merit and may violate the D.C. Rules of Professional Conduct.

Rule 3.5, Impartiality and Decorum of the Tribunal, states in pertinent part that: "A lawyer shall not—

  (c)  Engage in conduct intended to disrupt a tribunal."

This hearing officer shall not countenance parent counsel's adhominem attacks. Counsel, however, remains free to file a motion to recuse a hearing officer by complying with the IDEIA and case law requirements governing the recusal of a hearing officer. Counsel shall make a record of those concerns, and timely appeal any unfavorable ruling. But claims made that do not comply with the IDEIA are legally ineffective and, arguendo, serve only one purpose—to disrupt the tribunal. That purpose is an axiomatic violation of Rule 3.5.

After denying parent counsel's request for recusal, the parties were asked to present their respective claims and defenses. And, each did making this record.

## VII.  FINDING OF FACTS

1.    T██ T██ (T.T.), born ████/96, age 8-years 10-months, is a child with a disability receiving her special education and related services as a 3rd grade, 100% out-of-general education, Emotional Disturbed (ED) student at Payne

5

Elementary School (Payne ES) in the District of Columbia. (R. at TT-19.)

2.  T.T.'s 08/02/05 IEP, that her mother and education advocate participated in its development, calls for her to receive these 32-hours of services as an ED student:

    a. Specialized Instruction       29.5-hours/week;
    b. Psychological Counseling      1.5-hours/week; and
    c. Speech-Language Therapy       1-hour/week.
    (R. at TT-19.)

3.  Her 08/02/05 IEP states, in pertinent part, "Date of Last IEP Meeting 04/29/05; and Date of Most Recent Eligibility Decision 04/29/05." (R. at TT-19.)

4.  IEP section IX, Least Restrictive Environment states, "Student requires behavior intervention and modification that cannot be met within the general education classroom. As to accommodations, it includes "development of a Behavior Intervention Plan (BIP). And location of services, "Payne Elementary School." (R. at TT-19.)

5.  The BIP was developed and included as part of T.T.'s 08/02/05 IEP. (R. at TT-19.)

6.  According to T.T.'s 08/02/05 MDT Meeting Notes:

    a. The Psychologist Reports: "Upon review of her psychological reports, T.T.'s Emotional Disturbance diagnosis is appropriate due to the severity, intensity, and frequency of her behaviors within the classroom. T.T.'s full-time ED placement is appropriate to address her oppositional and ADHD behaviors." (R. at TT-19.)

    b. The Social Worker Reports: "Reviewed T.T.'s progress with the parent and her education advocate. They [the parent and advocate] dismissed T.T.'s behavior improvements." (R. at TT-19.)

    c. "The [student's education] advocate was given a copy of the 04/29/05, 2004-05 Encounter Tracker Forms from all of T.T.'s related service providers." (R. at TT-19.)

d. Eligibility Determination Summary: "Based on the documents reviewed, the MDT determined T.T. qualified under the IDEA as an ED student, the parent agreed, and the MDT then conducted the student's IEP Meeting." (R. at TT-19.)

e. [Placement] Recommendations: "The MDT recommended a full-time program; parent asked for a full-time placement with on-site crisis intervention and a psychologist; and, the MDT agreed to [that type] of educational setting." (R. at TT-19.)

f. Placement Discussion: "The student's needs could be addressed in a full-time therapeutic center. T.T.'s IEP will be sent to the Site Review Consideration Team for identification of placement. DCPS will reconvene [the MDT] to discuss its proposed placement and the parent's proposed placements—Accotink Academy and Kennedy Institute. The MDT, except for the parent and her advocate, said T.T.'s needs could continue to be met at Payne ES, in a smaller, more therapeutic setting."

g. T.T.'s Education Advocates 08/02/05 Addendum to the MDT/IEP Meeting Notes. Those handwritten notes, written by the advocate, reiterate the parent's desire for the MDT to place T.T. at either Accotink or Kennedy Institute. The notes further state "Another placement meeting will now have to be scheduled to allow the parent and her advocate to secure a placement at Accotink Academy and Kennedy Institute." (R. at TT-19.)

7. According to the credited testimony of Phaedra Smith, Payne ES Special Education Coordinator—

a. T.T. was in the Payne ES ED program in school years 2003-04 and 2004-05.

b. Phaedra attended T.T.'s 08/02/05 and 04/29/05 BLMDT Meetings.

c. At those meetings, neither the parent nor her advocate requested a Psychiatric Assessment, and neither raised any concerns about the IEP when asked if they wanted to change it.

    d.  DCPS did not otherwise perform a Psychiatric Assessment because its sole purpose was for a medical doctor to prescribe medication for T.T. And T.T.'s mother opposed prescribing T.T. any medication.

    e.  At the 08/02/05 MDT Meeting, the parent and advocate were provided a copy of the student's 2004-05 Encounter Tracking Forms when they sought Compensatory Education for missed services. The Forms rebut the parent's claim T.T. missed her IEP called for services.

    f.  The parties agreed at T.T.'s 08/02/05 MDT Meeting to reconvene her MDT/Placement Meeting to discuss DCPS' and the parent's proposed placements.

8.  According to the credited testimony of Norma E. Gales, T.T.'s mother—

    a.  She attended part of the 08/02/05 MDT Meeting, she participated in the meeting but not in developing T.T.'s IEP, and had an advocate present who attended the entire meeting.

    b.  Neither she nor her advocate requested a Psychiatric Evaluation and she refused any medication for T.T.

    c.  She proposed placement for T.T. at Accotink and Kennedy at T.T.'s 08/02/05 MDT Meeting and the team agreed to reconvene to consider her proposed placements.

    d.  She does not think Payne ES is an appropriate placement because T.T. is not making academic and behavior progress there.

9.  The student's education advocate did not attend nor testify at the student's due process hearing.

10.  The Parental Consent to Evaluate T.T. was signed by her mother on 01/15/03. (R. at TT-14.)

11.  Since then, the mother had three-due process hearings resulting in HODs—09/02/03, 05/22/03, and 10/12/04. (R. at TT-01.)

12. T.T. has received special education services, based on this hearing record, since her initial IEP was developed on 11/10/03. (R. at TT-03.)

13. The services delay between the date of the parent's signed Consent to Evaluate on 01/15/03 and the development of T.T.'s 11/10/03 initial IEP was, in part, because the parent did not obtain timely, independent assessments as authorized in T.T.'s 05/22/03 HOD and her 09/02/03 HOD. (R. at TT-01.)

14. That means, ergo, since the parent had three-prior HODs, she had three opportunities to raise a Child Find violation of the IDEA. And, based on this hearing record, she may have either compromised it to settle her 04/24/03 hearing request, or simply failed to raise it even though the issue was ripe before the student was evaluated and determined eligible for services, now 19-months ago. That's of particular concern since the parent's 07/08/03 hearing request was dismissed, with prejudice in T.T.'s 09/02/03 HOD. (R. at TT-01.)

15. Finally, although Sharon Millis, education advocate testified on behalf of the student, her testimony was not credited by this hearing officer because she never evaluated the student; never taught or provided T.T. her specialized instruction or related services; never attended a meeting on the student's behalf, and most importantly, had never even met the student.

16. Although the hearing officer found the parent to be an articulate and caring advocate for her daughter, her claims are not supported by the record evidence. That's because she and her advocate participated in discussions at T.T.'s BLMDT/IEP Meetings about her IEP, progress reports, disability, and placement. And T.T. was receiving educational benefit at her last educational placement but the team and parent agreed to meet again to decide her school year 2005-06 placement.

17. So based on T.T.'s 08/02/05 IEP Special Education and Related Services Summary, and the hearing record, T.T. needs a placement meeting to locate the education site to implement her IEP. And to comply with the IDEA, DCPS properly and timely held and IEP meeting and agreed to hold a placement site selection meeting to make an appropriate placement decision before school starts on August 29, 2005.

## VIII.     DISCUSSION and CONCLUSIONS OF LAW:

### I

**DCPS is required to make a FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

34 C.F.R. § 300.300 (2004), and 5 D.C.M.R. § 3000.1 requires DCPS to fully evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 22, determine their eligibility for special education and related services and, if eligible, provide special education and related services through an appropriate IEP and Placement.

DCPS met its legal obligation under the IDEA. Here is why.

1.  Pursuant to 5 D.C.M.R. § 3002.1, LEA Responsibility, "[t]he services provided to the child must address all of the child's identified special education and related services needs and must be based on the child's unique needs and not on the child's disability."

2.  Pursuant to 5 D.C.M.R. § 3013.1(e), Placement, "[t]he LEA shall ensure that the educational placement decision for a child with a disability is …based on the child's IEP."

3.  Pursuant to 34 C.F.R. § 300.552(a)(1), Placements, "[i]n determining the educational placement of a child with a disability, each public agency shall ensure the placement decision is made by a group of persons, including the parent, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options."

4.  Pursuant to 34 C.F.R. § 300.501(c), Parental Involvement in Placement Decisions, "[e]ach public agency shall ensure the parents of each child with a disability are members of any group that makes decisions on the education placement of their child."

5.  Pursuant to 5 D.C.M.R. § 3025, Procedural Safeguards—Prior Written Notice, DCPS shall provide written notice to the parent of a child with a disability before it proposes…an educational placement of the child.

6.  Pursuant to 34 C.F.R. § 300.350(a)(1), IEP Accountability, "each public agency must provide special education and related services to a child with a disability in accordance with the child's IEP."

7.  DCPS complied with these cited IDEA regulations because T.T.'s 08/02/05 IEP provides special education and related services based on her unique educational needs known to her BLMDT through, inter alia, her assessment results, progress reports, her mother, special education advocate, and other

BLMDT members who also developed her IEP and agreed on a full-time, therapeutic placement setting to implement it.

8.  T.T.'s 08/02/05 IEP, developed with her mother and educational advocate's participation as BLMDT members calls for her to receive these 32-hours of special education services as an ED student:

|   |   |   |
|---|---|---|
| a. | Specialized Instruction | 29.5-hours/week; |
| b. | Psychological Counseling | 1.5-hours/week; and |
| c. | Speech-Language Therapy | 1-hour/week. |
|   | (R. at TT-19.) |   |

9.  T.T.'s disability classification, IEP, and proposed educational program are appropriate. And she received all of her IEP called for services. That's because according to T.T.'s 08/02/05 MDT Meeting Notes:

   a.  The Psychologist Reports: "Upon review of her psychological reports, T.T.'s Emotional Disturbance diagnosis is appropriate due to the severity, intensity, and frequency of her behaviors within the classroom. T.T.'s full-time ED placement is appropriate to address her oppositional and ADHD behaviors." (R. at TT-19.)

   b.  The Social Worker Reports: "Reviewed T.T.'s progress with the parent and her education advocate. They [the parent and advocate] dismissed T.T.'s behavior improvements." (R. at TT-19.)

   c.  "The [student's education] advocate was given a copy of the 04/29/05, 2004-05 Encounter Tracking Forms from all of T.T.'s related service providers." (R. at TT-19.) There is no record evidence of the amount and type of related services T.T. allegedly missed.

   d.  Eligibility Determination Summary: "Based on the documents reviewed, the MDT determined T.T. qualified under the IDEA as an ED student, the parent agreed, and the MDT then conducted the student's IEP Meeting." (R. at TT-19.)

   e.  [Placement] Recommendations: "The MDT recommended a full-time program; parent asked for a full-time placement with on-site crisis intervention and a psychologist; and the MDT agreed to [that type] of educational setting." (R. at TT-19.)

   f.  Placement Discussion: "The student's needs could be addressed in a full-time therapeutic center. T.T.'s IEP will be sent to the Site Review Consideration Team for identification of placement. DCPS will reconvene [the MDT] to discuss its proposed placement and the parent's proposed placements—Accotink Academy and Kennedy

11

Institute. The MDT, except for the parent and her advocate, said T.T.'s needs could continue to be met at Payne ES, in a smaller, more therapeutic setting."

g. T.T.'s Education Advocates 08/02/05 Addendum to the MDT/IEP Meeting Notes. Those handwritten notes, written by the advocate, reiterate the parent's desire for the MDT to place T.T. at either Accotink or Kennedy Institute. The notes further state "Another placement meeting will now have to be scheduled to allow the parent and her advocate to secure a placement at Accotink Academy and Kennedy Institute." (R. at TT-19.)

10. There record evidence supports a finding that a Psychiatric Assessment is not warranted and the student received all of her IEP called for services in school year 2004-05. That's because according to the credited testimony of Phaedra Smith, Payne ES Special Education Coordinator—

   a. T.T. was in the Payne ES ED program in school years 2003-04 and 2004-05.

   b. Phaedra attended T.T.'s 08/02/05 and 04/29/05 BLMDT Meetings.

   c. At those meetings, neither the parent nor her advocate requested a Psychiatric Assessment; and neither raised any concerns about the IEP when asked if they wanted to change it.

   d. DCPS did not otherwise perform a Psychiatric Assessment because its sole purpose was for a medical doctor to prescribe medication for T.T. And T.T.'s mother opposed prescribing T.T. any medication.

   e. At the 08/02/05 MDT Meeting, the parent and advocate were provided a copy of the student's 2004-05 Encounter Tracking Forms when they sought Compensatory Education for missed services. The Forms rebut the parent's claim T.T. missed her IEP called for services.

   f. The parties agreed at T.T.'s 08/02/05 MDT Meeting to reconvene her MDT/Placement Meeting to discuss DCPS' and the parent's proposed placements.

11. That is further supported by the parent's testimony. Because according to the credited testimony of Norma E. Gales, T.T.'s mother—

11

a. She attended part of T.T.'s 08/02/05 MDT Meeting; she participated in the meeting but not in developing T.T.'s IEP; and had an advocate present who attended the entire meeting.

b. Neither she nor her advocate requested a Psychiatric Assessment and she refused any medication for T.T., which was the basis for that assessment.

c. She proposed placement for T.T. at Accotink and Kennedy at T.T.'s 08/02/05 MDT Meeting and the team agreed to reconvene to consider her proposed placements.

12. Pursuant to 34 C.F.R. § 300.500(b)(1), General LRE Requirements, "[e]ach public agency shall ensure that to the maximum extent appropriate, children with disabilities … are educated with children who are non-disabled."

13. DCPS complied with the LRE requirement because T.T.'s 08/02/05 BLMDT determined her eligible as a full-time, 100% out-of-general education, special education student who needs a therapeutic setting. The team considered but rejected a combination general education setting, at this time, based on T.T.'s unique needs. So she will not spend time with her non-disabled peers in a LRE.

14. Pursuant to 34 C.F.R. § 300.350(a)(1), IEP Accountability, "each public agency must provide special education and related services to a child with a disability in accordance with the child's IEP." DCPS complied with this obligation because it not only agreed with the parent's educational setting T.T. required, it agreed to reconvene her BLMDT/Placement to discuss its and the parent's proposed placements. Albeit, the team stated her needs could be met a Payne ES in a small, therapeutic setting. (R. at TT-19.)

15. Although the hearing officer is mindful that the parent prefers a non-public placement, the record evidence is not persuasive that such a setting is required to implement T.T.'s 08/02/05 IEP. Moreover, DCPS agreed to consider the parent's proposed placements at the next MDT Meeting.

16. "Although the IDEA guarantees a Free Appropriate Public Education, it does not, however, provide that this education will be designed according to the parent's desires. The primary responsibility for formulating the education to be accorded a [child with a disability] and for choosing the educational method most suitable to the child's needs, was left by the Act to state and local educational agencies in cooperation with the parent or guardian of the child. Thus proof alone that loving parents can draft a better program than a state offers does not, alone, entitle them to prevail under the Act." Shaw v. The District of Columbia, 238 F. Supp. 2d 127, 139 (D.D.C. 2002).

17. Pursuant to 5 D.C.M.R. § 3030.3, "DCPS bears the burden of proof, based solely on the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student."

18. DCPS met its burden in this case because its action, implementing T.T.'s IEP during the 2004-05 school year, classifying her as ED; developing her 08/02/05 IEP; agreeing with the parent to convene a placement meeting to discuss the parent's proposed placements, is adequate to meet the educational needs of the student based on her 08/02/05 IEP.

Therefore, in consideration of the record evidence, the hearing officer finds that DCPS did not deny T.T. a FAPE and issues this:

## ORDER

1. The parent's June 29, 2005 Due Process Hearing Request is dismissed, with prejudice.

   DCPS shall ................................

2. Convene, as agreed at T.T.'s 08/02/05 BLMDT/IEP Meeting, her BLMDT/Placement Meeting at Payne ES on or before August 29, 2005, upon the Payne ES Special Education Coordinator receiving from the parent three-proposed meeting dates convenient for the parent to attend, for this purpose:

   a. To discuss and decide placement, including a discussion about these proposed schools: Accotink Academy, and Kennedy Institute; and issue T.T.'s Prior Written Notice of Placement (PNOP) for school year 2005-06 at the conclusion of the meeting, if possible, or as follows:

      (i) Issue the PNOP within 5-business days of the BLMDT Meeting if to a public placement; or

      (ii) Issue the PNOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

3. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (202) 626-0048.

4. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney, or because of a unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

5.  This Order resolved all issues raised in the parent's 06/29/05 Due Process Hearing Request that is dismissed, with prejudice; and the hearing officer made no additional findings.

**This is a FINAL ADMINISTRATIVE DECISION. An Appeal may be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_____          _____
        **Frederick E. Woods**                                **Date**
        **Hearing Officer**

Issued: _____
        **Student Hearing Office, DCPS**

14

15

# District of Columbia Public Schools

### State Enforcement & Investigation Division

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| T██ Ty██ | ) | **IMPARTIAL** |
| Petitioner, | ) | **DUE PROCESS HEARING** |
| vs. | ) | |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Payne Elementary School | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) at 20 U.S.C. §§ 1400 et seq.

**Case Information:**

Hearing Request Date: June 29 2005
Hearing Date: August 4, 2005
Held at:  825 North Capitol Street, N.E.
      Eighth Floor
      Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: ████████, 1996
Attending School: Payne Elementary School
Managing School: Payne Elementary School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this   15   day of   August  , 2005.

_Fred E. Wood_
Due Process Hearing Officer

Re: MATTER OF
T██████ T██████ v. DCPS, PAYNE ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:                    ## DESCRIPTION:

06/29/05          Due Process Hearing Request Filed By Parent

07/07/05          Notice of Due Process Hearing Date Sent to Parties

08/04/05          Due Process Hearing Convened; Completed; Recorded
                  in HR-1, Start Time 9:39 a.m. and End Time 12:20
                  p.m.; and the Hearing Record Remained Open until
                  C.O.B., Tuesday, August 9, 2005.

08/11/05          Received only parent counsel's written, Closing
                  Argument.

08/15/05          Hearing Officer's Decision Filed with the SHO

08/16/05          Hearing Officer's Decision Issued by the SHO

_____                    8/15/05
Frederick E. Woods                          _____
Due Process Hearing Officer                   Date

16

17

Stop 9:30

**ATTENDANCE SHEET**    HR 2    End

| STUDENT'S NAME: | T███ T███ | ███ | 86 |
|---|---|---|---|
| HEARING DATE: | Thurs 8/4/05 | 9:00 A.m. | |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Fatmata Barrie | Student | Atty |
| Norma E. Gales | Mother | |
| Sharon Millis | Student | ~~SE Student~~ |
| Rashida Chapman | DCPS | Atty - Advisor |
| Phaedra Smith | DCPS | Spec. Ed. Coord. - Payne |

Fred E. Woods
Impartial Hearing Officer

18

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(MD)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

August 9, 2005

Frederick Woods, Esq.
Student Hearing Office
825 North Capitol St, NE
8th Floor
Washington, DC  20002



**Via Facsimile: 202-442-5556**

RE:    T███ T███
DOB: ████96

Dear Mr. Woods:

According to 34 C.F.R. §300.125, DCPS must ensure that "all children with disabilities residing in the State . . . regardless of severity of their disability, and who are in need of special education and related services, are identified, located, and evaluated." Under 34 C.F.R. §300.527, "an LEA must be deemed to have knowledge that a child is a child with a disability if the behavior . . . of the child demonstrates the need for these services . . . [or] the parent of the child has requested an evaluation of the child . . . " In this case, T███ was not identified for needing special education services until after the mother took it upon herself to complete an evaluation on T███. According to the 02/28/03 Psycho-ed, (TT-06) the mom completed a psychiatric on T███ on 06/05/02 and T███ was diagnosed with ODD, Speech Disorder and Learning Disorder NOS. Although the mother completed the evaluation in 2002, and the TAT on 1/15/03 (TT-14), DCPS did not complete the process until November 2003.  Therefore, DCPS

19

violated the child find statute and the 120-day time line. Therefore, DCPS owes T███ compensatory education for three years.

Although she was determined to be a student with the above disabilities, DCPS did not provide her with the services she needed. Her IEPs were not appropriately implemented because she was kept at Winston EC where they cannot provide her with the services. On 5/19/04, the team decided that she needed to be somewhere other than Payne but did not have a placement and on 08/02/05, the team decided again that T███ needed another placement but again, did not have another placement for her. School is starting soon and DCPS does not have a placement for her.

In fact, DCPS decided that a placement decision would be made once her documents are provided to the site review committee and they would determine a placement. Therefore, DCPS is making a decision as to placement without the participation of the parent. According to <u>Hendrick Hudson Dist. Board of Education, v. Rowley</u>, 458 U.S. 176, (1982), DCPS must follow certain prongs before it is found to have provided the FAPE. The first prong is whether ". . . the State complied with the procedures set forth in the Act?" <u>Id.</u> at 206 If the first prong is fulfilled, then the second prong of providing educational benefit is addressed.

In this case, DCPS has not made a decision as to placement but has indicated at the 08/02/05 meeting and testified that another committee would be making the placement decision. This is in direct violation with 34 CFR 300. DCPS has also shown no evidence that T███ was progressing throughout her time in DCPS. In fact, her behavior has remained the same and as the mom testified, she has not progressed. Therefore, DCPS has not provided her with FAPE and according to <u>Florence County School Dist. Four, et al. v. Shannon Carter, et al.</u>, 510 U.S. 7 (1993), the remedy of private school is warranted when a denial of FAPE has occurred. In this case, due to the denial of FAPE and the fact that school will be starting in a couple of weeks, the hearing officer should order DCPS to place and fund T███ at Accotink Academy for the 2005-2006 SY.

20

<u>Anna Schoenbach v. D.C.</u>, 862 F.2D 884, 886 (D.D.C. 1988) furthers the parent's

contention that DCPS has violated the student and mother's rights by sending the packet to the site

review committee to make a placement decision. According to <u>Schonbach</u>, DCPS cannot move

forward to show educational benefit until it passes the first prong: "whether DCPS has complied

with IDEA's administrative procedures."[1] In this case, DCPS did not pass the first prong because

it did not allow the parents to participate in a placement meeting.

In addition to the above cases, <u>Briere v. Fair Haven Grade Sch. Dist.</u>, 948 F. Supp. 1242

(1996) supports the parents' contention that a procedural violation amounts to a denial of FAPE.

The Court in <u>Briere</u> states, "IDEA requires that parents be afforded the opportunity to be involved

in the educational planning process." <u>Id.</u> at 1250  It continues by saying that "The Supreme Court

has emphasized the significance of strict adherence to procedures set out in IDEA in <u>Board of

Education v. Rowley</u>, 458 U.S. 176, 73 L. Ed. 2d 690, 102 S. Ct. 3034 (1982)." The Court then

quotes from <u>Rowley</u> when it states, 'we think that the importance Congress attached to these

procedural safeguards cannot be gainsaid.' <u>Id.</u>

The Court found that a finding of denial of FAPE is warranted when 'the procedural

inadequacies. . . **seriously hampered the parents' opportunity to participate** in the formulation

process or caused a deprivation of educational benefits." <u>Id.</u> at 1255   Therefore, in conformity

with <u>Briere</u>, "the IDEA's notice requirements are part of a series of elaborate and highly specific

procedural safeguards that lie at the heart of the Act, and violations of these requirements should

not be disregarded casually." <u>Id.</u>

T██████ teacher has informed the MDT that T██████ has seen the same curriculum for the last

two years, yet T█████ does not remember and she does not perform class assignments because she

continues to forget from day to day. The teacher also indicated that she is not retaining the

information like her classmates and peers. Ms. Gales has informed the MDT that T█████ continues

---

[1] id

to perform on kindergarten level and that she has not seen any improvement in her academics and concurs with T████ special education teacher that she is not retaining the information learned at Payne ES.

Furthermore, at the 04/29/05 the MDT meeting, the team recommended that T████ receive intervention measures such as T'ai Chi, Yoga, or ballet to assist with her retention, inattentiveness, and distraction associated with her ADHD disability and recommended that she may need medication, yet they failed to order a psychiatric evaluation or incorporate such recommendations on her IEP or provide her with the recommended services on her IEP. Additionally, although the team acknowledged that T████ ADHD disability is having a tremendous effect on her academics, they have not included the ADHD disability on her IEP so that she could be provided with the services.

Therefore, as the hearing officer can see, T████ and her mother's rights have been violated and a remedy of a private school is warranted. As a result we respectfully request that he hearing officer place Ti████ at Accotink Academy.

Sincerely,

Fatmata Barrie, Esq.

cc: Rashida Chapman, Esq.

22

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

| | |
|---|---|
| Attorneys and Counselors at Law | Carpenter's Building |
| | 1003 K Street, N.W. |
| Christopher N. Anwah, Esq. | Suite 565 |
| (DC, MD, NJ) | Washington, D.C. 20001 |
| Fatmata Barrie, Esq. | Phone: (202) 626-0040 |
| (DC, FL) | Fax: (202) 626-0048 |
| Georgina A. Oladokun, Esq. | Email: chrisanwahfirm@chrisanwahfirm.com |
| (MD) | |

## FACSIMILE COVER LETTER

DATE: 08/09/05

TO: Frederick Woods, Esq.

COMPANY: OGC

FAX NUMBER: 202-442-5556

FROM: Fatmata Barrie, Esq.

RE: T████ T█████ Closing Statement

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET        05

MESSAGE: _____

_____

_____

_____

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

### ***CONFIDENTIALITY NOTICE***

The pages accompanying this facsimile transmission contain information from the Law Office of Christopher Anwah, PLLC, which is confidential or privileged, or both. The information is intended to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at (202) 626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
202-442-5000    Fax # 202-442-5098
*www.k12.dc.us*

July 28, 2005

Fatamata Barrie
Christopher N. Anwah, Esq.
Law Office of Christopher N. Anwah
1003 K Street, NW, #500
Wash., DC 20001

## DISCLOSURE STATEMENT & MOTION TO COMPEL

### VIA FACSIMILE – 202-626-0048

**Subject: Due Process Hearing – T██████, Ti████**
**DOB: ███/96**

Dear Ms. Barrie:

At the upcoming due process hearing in the above-referenced matter, scheduled for Thursday, August 4, 2005, and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following additional witnesses/documents:

**Witnesses**[1]
M.L. Phelps, or designee(s), Interim Associate Superintendent for Special Education Reform
      and Student Services, DCPS
Principal, or designee(s), Payne ES, DCPS
Special Education Coordinator, or designee(s), Payne ES, DCPS
T. T█████, Regular and/or Special Education Teachers, or designees, Payne ES, DCPS
Director, or designee(s), Office of Compliance & Mediation, DCPS

Pursuant to 34 C.F.R. 300.509(a)(2) and 5 DCMR 3031.1(b), DCPS hereby compels the attendance of the below named individual as a necessary and material witness:

Norma Gales, Parent

At the hearing, DCPS may rely upon the following documents:

**Documents**
None.

---

[1] Witnesses may testify by telephone.

DCPS Office of the General Counsel
Page 2

DCPS reserves the right to object to the testimony of any expert witnesses if a curriculum vitae and/or resume is not provided with the student's 5-day disclosure.

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case.  Also, DCPS reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5564.

Sincerely,


Aaron E. Price, Sr., Esq.
Attorney-Advisor



cc: Student Hearing Office

---

*Children First*

25



Office of the General Counsel
9th Floor
825 North Capitol Street, NE
Washington, DC 20002
(202) 442-5000
fax (202) 442-5098

# **FACSIMILE**

To: _Barrie_

Co: _____

From: _Aaron E. Price, Sr., Esq._

Date: _7/28/05_

Fax No.: _2/626 8048_

Tele. No.: _____

Tele. No.: (202) 442-5000

No. Pages Including Cover Sheet _H + 2_

Comments: _Five Day Disclosure/Motion to Compel/Discovery Request_

_____

T___, T___

_____

_____

_____

### Confidentiality Notice

The information contained in this facsimile is transmitted by an attorney. It is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone, and return the original message to us at the above address via first class prepaid US postage. Thank you.

```
*************** -COMM. JOURNAL- ******************* DATE JUL-28-2005 ***** TIME 08:34 ********

       MODE = MEMORY TRANSMISSION              START=JUL-28 08:33    END=JUL-28 08:34

         FILE NO.=865

 STN   COMM.     STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES    DURATION
 NO.

 001    OK       ₪96260048                                  003/003  00:00:50


                                               -DCPS GENERAL COUNSEL     -

 ***** UF-8000 ********************* -DCPS GEN COUNSEL- *****  -    2024425097- *********
```

Office of the General Counsel
9th Floor
825 North Capitol Street, NE
Washington, DC 20002
(202) 442-5000
fax (202) 442-5098

## FACSIMILE

To: _Barrie_                      Date: _7/28/05_

Co: _____                Fax No.: _2/626 0040_

                                  Tele. No.: _____

From: _Aaron E. Price, Sr., Esq._    Tele. No.: (202) 442-5000

No. Pages Including Cover Sheet ⊞ + _2_

Comments: _Five Day Disclosure/Motion to Compel/Discovery Request_

_____

T_____, T_____

_____

_____

┌─────────────────────────────────────────────────────────────────┐
│                     Confidentiality Notice                         │
│ The information contained in this facsimile is transmitted by an   │
│ attorney.  It is privileged and confidential, intended only for    │
│ the use of the individual or entity named above.  If the reader of │
│ this message is not the intended recipient, you are hereby         │
│ notified that any dissemination, distribution or copy of this      │
│ communication is strictly prohibited.  If this communication has   │
│ been received in error, please notify us immediately by telephone, │
│ and return the original message to us at the above address via     │
│ first class prepaid US postage.  Thank you.                        │
└─────────────────────────────────────────────────────────────────┘

# LAW OFFICES,

## CHRISTOPHER N. ANWAH, PLLC

Attorneys and Counselors at Law

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(MD)

Carpenter's Building
1003 K Street , N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

July 28, 2005

Aaron Price, Sr., Esq.
Office of General Counsel
825 North Capitol St, NE
9th Floor
Washington, DC 20002.

**Via Facsimile: 202-442-5098/97**

RE:    T█████ T█████
DOB:    ██████/96

### Disclosure of Witnesses and Documents

Dear Mr. Price:

Pursuant to the five-day rule set forth in 34.C.F.R. 509 (a) (3), attached is a list of witnesses and documents, which we intend to rely on for the upcoming Due Process Hearing scheduled for August 4, 2005.

### Witnesses*

1.    Norma Gales – Parent
2.    T█████ T█████ – Student
3.    Educational Advocate and/or designee
4.    Sharon Millis and/or designee
5.    Educational Advocate and/or designee
6.    Michelle Young and/or Designee – High Road School
7.    Anne Warnke and/or Designee – Accotink Academy
8.    KM Stokes and/or Designee – Sylvan Learning Center
9.    Reading Specialist and/or designee
10.    Social Worker and/or designee

*Witnesses may testify by telephone*

**Documents**

| | |
|---|---|
| TT-01 | 09/02/03, 05/22/03 and 10/12/04 HODs |
| TT-02 | 05/19/04 IEP and Meeting Notes |
| TT-03 | 11/10/03 IEP Meeting Notes |
| TT-04 | 10/01/03 Clinical |
| TT-05 | 03/05/05 Sylvan Diagnostic Assessment |
| TT-06 | 02/28/03 Psycho-educational Report |
| TT-07 | 09/25/03 MDT Meeting Notes |
| TT-08 | Report Card and Teacher Comments |
| TT-09 | 04/18/03 Social Work Evaluation |
| TT-10 | 10/01/04 IEP and Notes |
| TT-11 | 04/29/05 IEP and Notes |
| TT-12 | Letters to DCPS |
| TT-13 | 05/04/05 High Road Letter of Acceptance |
| TT-14 | 01/15/03 TAT |
| TT-15 | 12/14/04 IEP and Notes |
| TT-16 | 05/07/03 Clinical Psychiatric Review |
| TT-17 | 04/18/05 Accotink Academy Letter of Acceptance |
| TT-18 | 06/13/05 Hearing Request |

We reserve the right to disclose additional documents as they become available, the right to rely on DCPS' witnesses and evidence as if disclosed by us and the right to rely on documents previously disclosed to counsel for any prior hearings or procedures. We also reserve the right to produce rebuttal witnesses and to object to expert witnesses without curriculum vitae. Should you have any questions or need additional information, please do not hesitate to contact me.

Sincerely,

Fatmata Barrie, Esq.

cc: SHO

29

# LAW OFFICES,
# CHRISTOPHER N. ANWAH, PLLC

**Attorneys and Counselors at Law**

Christopher N. Anwah, Esq.
(DC, MD, NJ)
Fatmata Barrie, Esq.
(DC, FL)
Georgina A. Oladokun, Esq.
(MD)

Carpenter's Building
1003 K Street, N.W.
Suite 565
Washington, D.C. 20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: chrisanwahfirm@chrisanwahfirm.com

## FACSIMILE COVER LETTER

DATE: 07/28/05

TO: Aaron Price, Sr., Esq.

COMPANY: OGC

FAX NUMBER: 202-442-5098

FROM: Fatmata Barrie, Esq.

RE: 5-day for T████ T███

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET    80

MESSAGE:                           Part I = TT-01  to TT-06

If there is any problem with this transmission, please call as soon as possible at (202) 626-0040

### ***CONFIDENTIALITY NOTICE***

The pages accompanying this facsimile transmission contain information from the Law Office of Christopher Anwah, PLLC, which is confidential or privileged, or both. The information is intended to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately at (202) 626-0040 so that we can arrange for the retrieval of the original documents at no cost to you.

# District of Columbia Public Schools

## Office of Management Services

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E., Room 8076
Washington, D.C. 20002
(571) 4-7-738?
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| [REDACTED] STUDENT | ) |
| Date of Birth: [REDACTED], 1995 | ) |
| Petitioner, | ) Hearing Date: August 12, 2003 |
| | ) |
| v. | ) Request for Hearing: July 8, 2003 |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Now Attending: | ) |
| [REDACTED] Educational Center | ) |

## HEARING OFFICER'S DECISION

Parents:    Ms. Norma L. Jules, Mother
            3322 Buena Vista Terrace, S.E.; #??
            Washington, D.C. 20020

Counsel for the Parent/Student:    Fatmata Barrie, Esquire
                                    Brown & Associates
                                    1010 Vermont Avenue, N.W.
                                    Suite 600
                                    Washington, D.C. 20005
                                    (202) 347-7024  Fax: (202) 347-7?08

Counsel for DCPS:    Linda M. Smalls, Esquire
                     Office of the General Counsel, DCPS
                     825 North Capitol Street, N.E.; 9th Floor
                     Washington, D.C. 20002

31

CPS ID No. 9070012

An index of names is attached hereto for the benefit of the parties. The index will
aid the parties to identify specific witnesses and other relevant persons. The index
should be detached before release of this Decision as a public record.

# INDEX OF NAMES

*T──── T────, District of Columbia Public Schools*

| | |
|---|---|
| Child's DCPS ID No. or SSN | T──── T────<br>DCPS ID No. 9076042 |
| (s) Name (Relationship) | Nomita F. Craig, Mother |
| Parent's Representative | Fatmata Barrie, Esquire |
| DCPS's Representative | Linda M. Smalls, Esquire |
| Education Cordinator | Morretta Henderson |
| Counselor | Derelia White |
| Education Teacher | Pearl A. Grant |

DCPS HOD No. 9070042

Jurisdiction

This hearing was conducted in accordance with the rights established under the
with Disabilities Act ("IDEA") 20 U.S.C. Sections 1400 et seq., Title 34 of
Federal Regulations Part 300; Title V of the District of Columbia Municipal
re-promulgated on February 19, 2003, and Title 38 of the D.C. Code,
Chapter 25.

Petitioner is a six-year-old student at Winston Educational Center ("Winston"
2003, Petitioner filed a *Request for Hearing* ("Request") alleging that the
Columbia Public Schools ("DCPS") had failed to comply with a May 22, 2003
hearing officer's decision ("HOD"). The due process hearing was convened on August
2003. The parties' Five Day Disclosure Notices were admitted into evidence at the
Neither party offered oral testimony at the hearing;

Findings of Fact

1. Petitioner is a six year-old student at Winston.[1]

2. On May 22, 2003, an HOD was issued requiring DCPS, *inter alia*, to conduct a
clinical psychological assessment within 20 days of the issuance of the HOD and
convene a Multidisciplinary Team ("MDT")/Individualized Education Program ("IEP"
within 10 days of receipt of the assessment. The order also provided that "in the
DCPS does not complete the clinical psychological examination, the parent may
an independent evaluation at public expense."[2]

3. DCPS did not complete the assessment or convene an MDT/IEP meeting as
in the HOD.

4. Petitioner did not secure independent assessments as authorized in the HOD.

Conclusions of Law

The May 22, 2003 HOD gave Petitioner the authority to secure an independent
assessment in the event DCPS failed to complete the assessments as ordered. Had
secured an independent assessment pursuant to the original HOD and the source
to meet its deadline to assess Petitioner DCPS' obligation to convene the MDT/IEP meeting would
Request DCPS' obligation to convene the MDT/IEP meeting would
been triggered. The provision authorizing Petitioner to secure independent
as added to ensure that his MDT/IEP would not be unnecessarily delayed.

[1] DCPS Disclosure ...

9070042

DCPS' failure to meet the assessment deadline. The filing of the *Request*, rather than obtaining the independent assessment ordered in the HOD, served to delay providing ... to Petitioner particularly effecting a placement before the beginning of the ... school year. The goal of IDEA is not to generate a succession of due ... for individual students, thereby enriching the representatives, consultant ... nesses of the ... but rather ... with a specific ... to this student's ... a provision of ... appropriate public education to students as promptly as ... as possible. Therefore, the hearing officer concludes that the filing of the ... renature, and the terms of the original HOD should be implemented.

There is no prevailing party in this proceeding.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, Petitioner's ... losure Notices and the representations of the parties' counsel, this 29th day ... August 2003, it is hereby

ORDERED, that the Petition is **DISMISSED WITH PREJUDICE.**

IT IS **FURTHER ORDERED**, that Petitioner shall obtain an independent ... psychological assessment at DCPS expense pursuant to 5 D.C.M.R. Section ... Petitioner's counsel shall immediately forward a copy of the completed ... essment to DCPS by facsimile and first-class mail.

IT IS **FURTHER ORDERED**, that within ten school days of receipt of the ... ssments from Petitioner's counsel, DCPS shall reconvene an MDT/IEP meeting to ... all current assessments, update Petitioner's IEP, develop an intervention behavior ... mine an appropriate placement.

IT IS **FURTHER ORDERED**, that DCPS shall afford Petitioner's parent an ... unity to participate in any meeting in which Petitioner's placement is discussed or ... The DCPS placement representative will provide Petitioner's parent at least ... placement options for discussion and consider any alternatives proposed by ... parent. The DCPS placement representative shall advise Petitioner's parent ... advantages and disadvantages for Petitioner with respect to each school that is ... DCPS shall provide Petitioner's parent a written ... for the placement rights ... and the reasons for the proposal shall be provided in the Meeting Notes.

IT IS FURTHER ORDERED, that DCPS shall issue a Prior Notice with a ... at the MDT/IEP meeting if it places Petitioner in a public facility; if it places ... ioner in a private facility, DCPS shall issue a Prior Notice within 30 days of the ... meeting.

34

DPS ID No 9070042

IT IS **FURTHER ORDERED**, that DCPS shall coordinate scheduling the IEP/IEP meeting and any meeting in which Petitioner's placement is discussed or determined through Petitioner's counsel.

IT IS **FURTHER ORDERED**, that any delay in meeting any of the deadlines because of Petitioner's absence or failure to respond promptly to scheduling of Petitioner's representative, will extend the deadlines by the number attributable to Petitioner or Petitioner's representation. DCPS shall document all such delays and proof of service for any delays caused by Petitioner or Petitioner's representative.

IT IS **FURTHER ORDERED**, that the hearing officer shall retain jurisdiction of this case, subject to an appeal by either party, to adjudicate any allegation that DCPS did not meet its deadlines in this Order or an allegation of an inappropriate placement. Should there be an issue in dispute, the parties should be prepared to submit evidence of proper notice. In the event DCPS fails to convene a timely MDT/IEP meeting, or in the event Petitioner's parent disagrees with DCPS' proposed placement, and Petitioner and Petitioner's representative have complied with their obligations under this order, Petitioner may request an expedited hearing with this hearing officer. In the event Petitioner alleges that the proposed placement is inappropriate, at such hearing both parties should be prepared to prove the appropriateness of the respective proposed placements.

IT IS **FURTHER ORDERED**, that this Order is effective immediately.

S.O. No. 9070042

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the date of the Hearing Officer's Decision.[3]

*Terry Michael Banks*

Terry Michael Banks
Hearing Officer

29, 2003

11/2/03

Donald Claire, Esquire
_____ & Anwah
_____ Vermont Avenue, N.W.

_____, D.C. 20005
(202) _____; Fax: (202) 347-7108

_____ Smalls, Esquire
_____ the General Counsel, DCPS
_____ Capitol Street, N.E.

_____, D.C. 20002

_____ *Town of Stow*, 991 F.2d 929, 931(1st Cir 1993)(since the IDEA does not set a time limit for filing suit under its terms, the district court must "borrow" the most analogous statute of limitations from state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir _____) using 30-day limitation period for review of agency orders and applying it to an appeal from _____ under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of _____ prescribe a time limit for bringing the civil action authorized by the IDEA and its regulations, 5 D.C.M.R. Section 3032.5. The D.C. _____ _____ authority. Accordingly, the _____ Court of Appeals to set the limitation period for filing an appeal from a final agency _____ § 92-510(c). Under the Court's rules, a petition for review of an agency order must be first _____ D.C. Ct. App. Rule 15(a)).

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*OFFICE OF MANAGEMENT SERVICES*

## SPECIAL EDUCATION DUE PROCESS HEARING

| | | |
|---|---|---|
| In The Matter of: | ) | Hearing Date: May 21, 2003 |
| | ) | |
| T▓▓ T▓▓; | ) | Present School: |
| Date of Birth: ▓▓▓▓, 1996 | ) | Winston Education Center |
| ("Student"), | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| 825 North Capital Street, NW | ) | |
| Washington, DC | ) | |
| ("DCPS" or "District") | ) | |
| | ) | |
| Respondent. | ) | David R. Smith, Esq. |
| | ) | Independent Hearing Officer |

## HEARING OFFICER'S DETERMINATION AND ORDER

**Participants:**

Counsel for the parent:

> Fatmata Barrie Esq.
> Federal District Building
> 1010 Vermont Avenue
> Suite 600
> Washington, D.C. 20005

Counsel for DCPS:

> Karen J. Herbert, Esq.
> Office of the General Counsel
> 825 North Capitol Street, NE
> 9th Floor
> Washington, D.C. 20002

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## OFFICE OF MANAGEMENT SERVICES

## SPECIAL EDUCATION DUE PROCESS HEARING

### INTRODUCTION:

A Due Process Hearing was convened on May 21, 2003 at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C 20002. The hearing was held pursuant to a hearing request submitted by counsel for the parent dated April 24, 2003.

### JURISDICTION:

The Hearing was scheduled and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

### DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the Due Process Rights.

### FIVE-DAY DISCLOSURES:

### DCPS:

DCPS-01, letter dated 5-16-03

### Parent:

TT-01 through TT-07, per Disclosure Letter dated 5-14-03

### DISPOSITION OF THE CASE:

The parties discussed this matter on the record and reached an agreement, the terms of which are set forth below as an Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW:

The Hearing Officer finds that the terms of the agreement as stated on the record are in the best interest of the student and therefore will issue this Hearing Officer's Determination incorporating the terms of the agreement as stated herein.

ORDER:

1.      Within thirty (30) days from the issuance of this Hearing Officer's Determination, DCPS will conduct a clinical psychological evaluation of the student as recommended by a psycho-education evaluation dated February 28, 2003. Within ten (10) business days of receipt of the evaluation, DCPS will convene an MDT/IEP meeting, with the parent's full participation, to discuss the evaluation, develop an appropriate IEP, develop a behavior modification plan and determine an appropriate placement.

2.      In the event DCPS does not complete the clinical psychological evaluation, the parent may obtain an independent evaluation at public expense.

3.      DCPS will provide parent's counsel with a copy of the clinical psychological evaluation within 48 hours before the MDT/IEP meeting.

4.      Issues concerning compensatory education are reserved

5.      All notices are to be sent to parent's counsel and any delay in any of the above time lines will extend the applicable time line by one day for each day of delay.

APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Date  5-21-03

_____
David R. Smith
Hearing Officer

Issued  5-22-03

Rec'd
10/14/04
aep

# District of Columbia Public Schools
## *Office of Compliance*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 10/12/04

TO: F. Barnie

FROM: STUDENT HEARING OFFICE

RE: Non T. ▬▬▬

TOTAL NUMBER OF PAGES, INCLUDING COVER: _13_

COMMENTS:

transmittal

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.