**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| T.T. et al | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | Civil Action No. 05-2259 (RMC) |
| | * | |
| | * | |
| DISTRICT OF COLUMBIA, et al | * | |
|     Defendants(s) | * | |

**************************************

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, T.T., a minor and Norma Gales, by and through their attorneys Jude C. Iweanoge and IWEANOGE LAW CENTER, hereby moves this Honorable Court for summary judgment in favor of the Plaintiff as to all counts. As reasons therefore, Plaintiffs will establish that there exist no triable issues of material fact and that Plaintiffs are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to grant this Motion and enter summary judgment in favor of Plaintiffs as to all counts of the complaint.

                                                  Respectfully submitted
                                                  IWEANOGE LAW CENTER.

                                      By:   /s/JudeIweanoge/s/
                                          Jude C. Iweanoge, Bar #493241
                                          IWEANOGE LAW CENTER
                                          1026 Monroe Street, NE
                                          Washington, D.C. 20017
                                          Phone: (202) 347-7026
                                          Fax: (202) 347-7108
                                          Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T.T., et al                              *
      Plaintiffs              *
                                         *
v.                                       *
                                         *     Civil Action No. 05-2259 (RMC)
                                         *
DISTRICT OF COLUMBIA, et al              *
      Defendants(s)           *
************************************

**MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

For reasons set forth herein and in the previously filed Plaintiffs' motion for summary judgment, Plaintiffs are entitled to summary judgment as to all counts. The undisputed material facts of this case will establish, inter alia, that (i) the Plaintiff is eligible for special education services, (ii) DCPS violated the child find statute and the 120-day time line and did not test/evaluate Plaintiff in all suspected areas of disability; (iii) DCPS violated IDEA by deciding that a placement decision would be made by the site review committee and as such denying the parent the right to participate in the placement decision, (iv) the Plaintiff was diagnosed with ODD, Speech Disorder, ADHD and Learning Disorder NOS which affects her education; and (v) the hearing examiner failed to independently review the record and apply the law appropriately in making his decision that there was no denial of FAPE.

On these controlling points there exists no genuine issue of material facts and accordingly, Plaintiffs are entitled to summary judgment as a matter of law.

### STATEMENT OF DISPUTED MATERIAL FACTS

1.    The Full time ED placement was not sufficient to address T.T.'s ADHD and oppositional behaviors because the team recommended during the 4/29/05 MDT meeting that T.T should receive intervention measures such as T'ai Chi, Yoga, or ballet to assist with her retention,

2

inattentiveness, and distraction associated with her ADHD disability, and recommended that she may need medication, yet they failed to order a psychiatric evaluation or incorporate such recommendations on her IEP or provide her with the recommended services on her IEP. (AR at 191-193, 142-164, 374)

2.  Emotional disturbance diagnosis does not address the retention, inattentiveness, and distraction associated with ADHD. (AR at 142-164).

3.  The parent nor her advocate do not need to request a psychiatric evaluation and did not have to raise any additional concerns about the student's IEP because the problem with the students needs were already recognized by the team and her prior evaluations. (AR at 191-193, 142-164, 374).

4.  Sharon Millis provided credible testimony based on her review of the student's documents and evaluations which is sufficient in order for her testimony to be credited. (AR at 9, 368-380).

5.  The student was not provided all her special education services as testified by the parent. (AR at 304-305)

### A. THE HEARING OFFICER ERRED BY DISMISSING PLAINTIFF'S DUE PROCESS COMPLAINT

Defendants argue that the student has been identified as ED student and that Plaintiffs did not raise the issue of child find during prior hearings and as such child find is inapplicable. Nonetheless, Defendants failed to recognize that all prior due process complaints filed by Plaintiffs dealt with the failure to evaluate the child in all areas of suspected disability. Moreover, neither the Hearing Officer nor the Defendants have cited any authority which supports their position that Plaintiffs may have foreclosed their rights to raise a violation of the "child find" provision of the IDEIA. In addition, the record is clear that the student's ADHD was

obvious and impacting the students academic and social functioning at least prior to the 4/29/05 IEP meeting and that was the reason that the team recommended that T.T should receive intervention measures such as T'ai Chi, Yoga, or ballet to assist with her retention, inattentiveness, and distraction associated with her ADHD disability, and recommended that she may need medication. However, Defendants failed to comply with their obligations under the IDEIA by ensuring that the student is properly identified and that all her disabilities impacting her education are specifically identified and addressed. The procedural requirement of the IDEIA must be met by the school system by ensuring that the IEP, including the student's placement, was reasonably calculated to enable the child to receive educational benefits. Shaw v. Dist. of Columbia, 238 F. Supp. 2d 127, 134 (D.D.C. 2002) (citing Rowley, 458 U.S. at 206-07).

The IDEA imposes a "child-find" requirement on the states: their schools must have policies and procedures in place to identify, locate, and evaluate children with disabilities who need special education and related services. 34 C.F.R. § 300.111(a)(1). Even children, who are only suspected of having a disability, although they are progressing from grade to grade, are protected by this requirement. 34 C.F.R. § 300.111(c).

In addition, the Hearing Officer *inter alia* contends that T.T.'s disability classification, IEP and proposed educational program are appropriate because the Psychologist reports states that "T.T.'s Emotional Distrubance diagnosis is appropriate due to the severity, intensity and frequency of her behaviors within the classroom. T.T's full-time ED placement is appropriate to address her oppositional and ADHD behavior.) (AR at 11). However, the Hearing Officer has failed to put into consideration the fact that exclusion of T.T.'s ADHD classification on her IEP would affect the special needs provided to her especially in light of the fact that she would be transferring to another school and nothing regarding the IEP should be left open to interpretation

by the teachers at the new school or decided at a later time by a service provider. It is well settled that a child's IEP is the constitution guiding her education and a failure to include any information that would assist the school system in providing the child's specific needs is material and renders the IEP inappropriate. See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist., 2005 U.S. Dist. LEXIS 44883, 2005 WL 50130, at *1 (D. Or. 2005). ("[A] child's IEP effectively is the 'constitution' guiding [her] special education.").

There is clearly a distinction between Emotional Disturbance and Other Health Impaired (ADHD) as defined under the 34 C.F.R. § 300.7(4) and (9). Therefore, the catch-all Emotional Disturbance classification stated on T.T.'s IEP cannot be sufficient to identify and provide all of T.T.'s ADHD special education and related services needs whether or not her behaviors are commonly linked to the Emotional Disturbance although that is not the situation here. The record is replete with the fact that T.T.'s ADHD seriously impacted her education and that the impact of her ADHD is distinguishable from her Emotional Disturbance. (AR at 127, 105-108, 191-193, 87-91, 67, 63-64, 372-374). Although behavior plans were drafted for T.T. while attending Payne, all three plans drafter over the years at Payne Elementary were identical. More telling is the fact that no functional behavioral assessment was conducted to determine whether or not T.T.'s behavior plan was appropriate, especially where it was obvious that her problems were persistent and she was regressing in her academic work. (AR at 374-375). 34 C.F.R. 3003523(h) mandates that "in evaluating a child with a disability the evaluation must be sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified." In Thomas v. District of Columbia, 407 F. Supp. 2d 102, 105 (D.D.C. 2005), the court held that "in the case of a child whose behavior impedes his or her learning or that of others, the IEP team

5

shall consider 'when appropriate, strategies, including positive behavioral interventions, strategies, and supports to address that behavior.'" Id. (citing 20 U.S.C. § 1414(d)(3)(B)(i)). T.T.'s IEP was not appropriate and the Hearing Officer should not have found otherwise because an appropriate IEP describes the special needs of the student and the special education and related services to be provided the student, which is not present in the case *sub judice*. U.S.C.A. § 1414(d)(1)(A).

Furthermore, the Defendants have attempted to distort the Plaintiffs assertions in his Motion for summary judgment by suggesting that Plaintiff concedes that neither the students advocate nor parent requested a psychiatric evaluation or raised any concerns about the student's IEP. A reading of page 11 of Plaintiff's motion for summary judgment clearly shows that Plaintiff is establishing that the Hearing Officer conclusion is erroneous because IDEIA does not mandate that a parent or advocate request an evaluation before one is conducted especially in under the facts of this case, where it is obvious that a psychiatric evaluation was necessary to determine if medication will be appropriate to alleviate the students educational deficits. See e.g. Reid v. District of Columbia, 365 U.S. App. D.C. 234, 401 F.3d 516, 519 (D.C. Cir. 2005) (School districts may not ignore disabled students' needs, nor may they await parental demands before providing special instruction.); Branham v. District of Columbia, 368 U.S. App. D.C. 151, 427 F.3d 7, 8 (D.C. Cir. 2005) (same). Therefore, the Hearing Officer's conclusion that the parent and advocate did not request Psychiatric evaluation is without merit and should not have been material in determining whether DCPS denied T.T. a FAPE.

T.T.'s teacher informed the MDT that T.T. has seen the same curriculum for two years in a row but yet Tiara could not remember and she does not perform class assignments because she continues to forget from day to day.  The teacher also indicated that T.T. is not retaining the

information like her classmates and peers. Ms. Gales informed the MDT that T.T. continues to perform significantly below grade level and that she has not seen any improvement in her academics and concurred with T.T's special education teacher that T.T. is not retaining the information learned at Payne ES. Moreover, it was uncontested that Payne Elementary was not an appropriate placement to implement T.T.'s IEP which had not adversely changed from the prior IEP except for the number of hours of special education. (AR at 11, 112-116, 232-241, 202-226, 302-341, 370-371). Therefore, T.T. was not progressing with the services at the placement that was being provided, hence denying her a FAPE.

The Defendants argue that this Court should give deference to the Hearing Officer's decision because he had the opportunity to listen to all the witnesses and it is he who is in the best position to judge their credibility. Nonetheless, while the Court must give "due weight" to the Hearing Officer's decision, a decision without reasoned and specific conclusions deserves little deference. See Reid v. District of Columbia, 365 U.S. App. D.C. 234, 401 F.3d 516, 521 (D.C. Cir. 2005). Although the Hearing Officer is in a better position to judge credibility of witnesses, that credibility judgment must also entail a consideration of whether the party that has the burden of proof has been able to sustain that burden. Here, the Hearing Officer ignored the fact that Defendants bore the burden of proof and not Plaintiffs. In addition, the Hearing Officer's decision to ignore Ms. Millis testimony, premised on the fact that she has never evaluated, taught or provided the student with her specialized instructions, attended a meeting on the student behalf or even met the student. However, the Hearing Officer's decision to strike Ms. Millis testimony is illogical at best because she relied on undisputed evidence in presenting her testimony, including but not limited to the written IEPs themselves, which shows that T.T.'s IEPs for the two years prior to the hearing contain basically identical goals and objectives, there

is no discussion of progress; her behavior plan has not changed since she has been at Payne Elementary, and the present levels on the IEP contain a different score from the evaluations relied on, and the IEP does not address her ADHD problems. (AR at 370- 378). Had the Hearing Officer considered her testimony in light of the evidence in the record, he would have found a denial of FAPE.

## **CONCLUSION**

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to grant plaintiff's motion for summary judgment, deny defendant's motion for summary judgment. In addition, plaintiff requests that the Court set aside the HOD because it contravenes IDEIA and settled case law. Furthermore, the court should grant the Plaintiff's request for attorneys' fees and costs for this action and the administrative proceedings.

Respectfully Submitted,
THE IWEANOGES' FIRM P.C.


By:_____/JudeIweanoge/_____
      Jude C. Iweanoge, Bar #493241
      IWEANOGE LAW CENTER
      1026 Monroe Street, NE
      Washington, D.C. 20017
      Phone: (202) 347-7026
      Fax: (202) 347-7108
      Email: jci@iweanogesfirm.com