UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **T.T., a minor**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2259 (RMC) |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

T.T. is a child who received special education services at the District of Columbia Public Schools ("DCPS") until the 2005-2006 school year. Through her mother, Norma Gales, she brings this suit for review of a Hearing Officer's Decision ("HOD") that found that the District of Columbia Public Schools ("DCPS") did not deny her a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act of 2004[1] ("IDEIA"), 20 U.S.C. § 1400 *et seq*. Plaintiffs also advance claims under 42 U.S.C. § 1983 ("Section 1983") and 29 U.S.C. § 794 of the Rehabilitation Act ("Section 504"). *See* Compl. [Dkt. #1]. Defendant initially moved to dismiss this case because Plaintiffs did not file their appeal within thirty days of the agency's decision as required by *Spiegler v. District of Columbia*, 866 F. 2d 461 (D.C. Cir. 1989). This Court denied that motion stating that the *Spiegler* was "no longer applicable in light of the

---

[1] In addition to the IDEIA, the parties also refer to the Individual with Disabilities Education Act ("IDEA"), which was amended December 3, 2004 by the IDEIA. Those amendments, for the most part, took effect July 1, 2005. *See* IDEIA of 2004, Pub. L. No. 108-446, § 302, 118 Stat. 2647, 2803 (2004). Because the events of this case occurred after the amendments became effective, the IDEIA is the appropriate statutory framework.

ninety-day limitation period set forth in the amended IDEA, 20 U.S.C. § 1415(i)(2)(B)." *See* July 18, 2006 Order [Dkt. #5]. The Court also stated that:

> Plaintiffs timely filed their complaint. The HOD was issued on August 16, 2005. Plaintiffs were required to file suit no later than November 17, 2005 — 93 days after August 16. Plaintiffs were entitled to an extra three days because they received notice of the HOD decision by mail. *See Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (pursuant to Fed. R. Civ. P. 6(e), it is presumed that the EEOC's right-to-sue letter was received 3 days after it was mailed; thus the limitations period is extended by 3 days).

*Id*. at 3. The Court has reconsidered the timing of an IDEIA lawsuit. *See J.S. v. District of Columbia*, Case No. 07-1265 [Dkt. #10] (granting motion to dismiss the Complaint as time barred pursuant to Federal Rule of Civil Procedure 12(b)(1)); *see also R.P. v. District of Columbia*, 474 F. Supp. 2d 152 (D.D.C. 2007) (holding that Rule 6(e) does not apply to the institution of IDEIA cases and dismissing complaint as time barred); *Smith v. District of Columbia*, 496 F. Supp. 2d 125, 128 (D.D.C. 2007) (agreeing with *R.P.* and noting that the IDEIA starts the running of the limitations period from the date of the HOD, not from the date of service of HOD on the party). In light of the cited case law in this jurisdiction, it is hereby

**ORDERED** that the Plaintiff **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) no later than March 3, 2008; and it is

**FURTHER ORDERED** that Defendants shall file a response to Plaintiffs' response to this Order no later than March 14, 2008; and it is

**FURTHER ORDERED** that the cross motions for summary judgment [Dkt. ## 16 & 18] are **DENIED WITHOUT PREJUDICE** in light of the Court's Order to Show Cause.

**SO ORDERED**.

                                                  _____/s/_____
                                                  ROSEMARY M. COLLYER
                                                  United States District Judge

DATE: February 12, 2008