**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NORMA E. GALES, et al** * | |
| Plaintiffs * | |
| * | Civil Action No:05-2259 (RMC) |
| v. * | |
| * | |
| * | |
| **DISTRICT OF COLUMBIA, et al** * | |
| Defendants * | |

**************************************

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, the Plaintiffs, Norma Gales and T.T., a minor, by and through their attorneys Jude C. Iweanoge, Esquire and THE IWEANOGES' FIRM, P.C. and respectfully responds to this Honorable Court's Order to Show Cause why Plaintiffs' case should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). In response, Plaintiffs represent the following unto this Honorable Court:

1. That on or about November 21, 2005, Plaintiffs filed a complaint pursuant to the Individual with Disabilities Education Act ("IDEA") wherein they appealed an adverse Hearing Officer's Decision.

2. That on or about January 11, 2006 Defendants filed a motion to dismiss Plaintiff's complaint as untimely because Plaintiffs did not file their complaint within 30 days of the Hearing Officer's decision.

3. That on July 18, 2006, this court denied Defendant's motion to dismiss premised on the new 90 day time line under the IDEIA as amended and because of the application of Fed. R. Civ. P. 6(e) to the instant case.

4.      That since the court order dismissing Defendant's motion to dismiss the parties have filed their motions for summary judgment.

5.      That on February 12, 2008, this Court issued an Order to Show Cause why the instant matter should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) premised on the Court's reconsideration of the timing of an IDEIA lawsuit in its recent decision in *J.S. v. District of Columbia*, Case No. 07-1265 and other case law from this jurisdiction. .

6.      That this Court also relies on the decision in *R.P. v. District of Columbia*, 474 F. Supp. 2d 152 (D.D.C. 2007). However, this case is presently on appeal to the United States Court of Appeals for the District of Columbia and an oral argument is scheduled for March 17, 2008.

7.      That since there is an appeal pending that would resolve the issue of whether Fed. R. Civ. P. 6(e) is applicable to IDEIA cases in computation of time for appealing an adverse Hearing Officer's decision and whether the time limitation is jurisdictional; the Court should not dismiss Plaintiffs case pursuant to Fed. R. Civ. P. 12(b)(1) until the Court of Appeals renders its decision which may be favorable to Plaintiffs. Moreover for judicial economy and to conserve Plaintiffs resources.

8.      That despite this Court's inclination to dismiss Plaintiffs case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), there is no explicit language in IDEA or IDEIA characterizing the limitations provisions of § 1415(i)(2)(B) as jurisdictional. In Arbaugh v. Y & H Corp., 546 U.S. 500, 510 (2006) the Supreme Court recognized that "time prescription, however emphatic, are not properly characterized as 'Jurisdictional.'" (*quoting* Scarborough v. Principi, 541 U.S. 401, 414, 124 S. Ct. 1856 (2004)). See also Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 1681 (2206) (noting that a statute of limitations defense is not jurisdictional).

9. In <u>Gordon v. Nat'l Youth Work Alliance</u>, 675 F.2d 356 (D.C. Cir. 1982), the District of Columbia Court of Appeals recognized that "whether statutes of limitation generally create affirmative defenses. Although affirmative defenses may be raised on a motion to dismiss, the proper method for raising a defense of limitation is a motion under Fed. R. Civ. P. 12(b)(6), not a motion under Fed. R. Civ. P. 12(b)(1)." <u>Id.</u> at 360. <u>See also</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990) (framing a general rule that all statutes of limitations are subject to a rebuttable presumption that equitable tolling applies.) Therefore, the Court cannot properly dismiss Plaintiffs case under Fed. R. Civ. P. 12(b)(1) especially in light of the fact that it is unsettled whether a motion to dismiss a complaint as time-barred should be brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

10. That under Fed. R. Civ. P. 12(b)(1), procedural safeguards equivalent to those in Rule 56 are required, with Rule 56 used selectively as a guide to ensuring fairness. <u>See</u> <u>Gordon v. Nat'l Youth Work Alliance</u>, 675 F.2d at 360 *citing* <u>Exchange Nat'l Bank of Chicago v. Touche Ross & Co.</u>, 544 F.2d 1126, 1131 (2d Cir. 1976). As such, the Court's decision to dismiss Plaintiffs case pursuant to Rule 12(b)(1) after considering other cases outside the pleadings file din the instant case "does not meet the stringent standard for dismissal without regard to matters outside the pleadings." <u>Gordon</u>, 675 F.2d at 361.

11. That while there is no authority declaring whether the time deadline for seeking review of an HOD contained in the IDEA or IDEIA is jurisdictional and may not be waived, the Supreme Court and District of Columbia Circuit have held that analogous statutes of limitations may be equitably tolled. <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. at 95-96, <u>Chung v. Dep't of Justice</u>, 333 F.3d 273, 276-77 (D.C. Cir. 2003) (holding that the filing deadline in the Privacy Act is not a jurisdictional bar and is subject to equitable tolling under Irwin's reasoning).

12.     That despite the fact that Defendant's motion to dismiss as styled did not provide Plaintiffs reasonable opportunity to present arguments for equitably tolling the statute of limitation, this Court need not prematurely dismiss Plaintiff case until the Court of Appeals renders a decision which may or may not warrant Plaintiffs to present relevant materials that may warrant equitable tolling of the 90 day limitation period.

13.     As previously agreed by this Court in its Order of July 18, 2006, Statute of limitation for appeal of HOD pursuant to IDEIA has been consistently interpreted to run from the receipt of notice if sent by mail or electronic means. See e.g. Essen v Board of Educ. 1996 U.S. Dist. Lexis 5231 (D.N.Y. 1996) (statute of limitations for action under IDEA (20 USCS §§ 1400 et seq.) appealing administrative decision begins to run not when final decision is rendered in administrative process, but when parents receive notice of final decision.).

14.     That no party would be prejudiced if the Court holds its intention to dismiss Plaintiffs case pursuant to Fed. R. Civ. P. 12(b)(1) in abeyance until the District of Columbia Court of Appeals renders a decision in *R.P. v. District of Columbia*.

ACCORDINGLY, Plaintiffs request that their case should not be dismissed as contemplated by the Court in the interest of justice. And judicial economy

        Respectfully submitted,
        THE IWEANOGES' FIRM P.C.


By:_____/s/*JudeIweanoge/s/*_____
        Jude C. Iweanoge (493241)
        IWEANOGE LAW CENTER
        1026 Monroe Street, NE
        Washington, D.C. 20017
        Phone: (202) 347-7026
        Fax: (202) 347-7108
        Email: jci@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 3rd March 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

                                                      /s/*JudeIweanoge*/s/
                                                      Jude C. Iweanoge