**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| T.T., by her mother and next friend, NORMA GALES, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 05-2259 (RMC) ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RESPONSE**
**TO THE COURT'S FEBRUARY 12, 2008, ORDER TO SHOW CAUSE**

On February 12, 2008, this Court issued an order directing Plaintiffs to show cause "why this case should not be dismissed for lack of subject matter jurisdiction." *See* February 12, 2008, Order to Show Cause.  The Order cited a number of recent decisions in this jurisdiction finding that an appeal of an administrative Hearing Officer's Determination ("HOD") pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 *et seq*. ("IDEIA"), must be filed within 90 days, rather than 93 days, of the issuance of the HOD.  *Id.*  The Court granted Defendants' request to delay an opposition until a decision was reached by the United States Court of Appeals for the District of Columbia in *R.P. v. District of Columbia*, No. 07-7051, a case relied on by the Court when issuing its Order to Show Cause.  The Court of Appeals decided *R.P.* on March 28, 2008.  No. 07-7051, 2008 U.S. App. LEXIS 7642 (D.C. Cir. March 28, 2008).  The District hereby responds to the Plaintiffs' Response to the Order to Show Cause.

**ARGUMENT**

The time for filing of an HOD appeal is governed by the IDEIA, which provides:

> The party bringing the action [for judicial review of a hearing officer's decision] shall have *90 days from the date of the decision of the hearing officer* to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part [20 U.S.C. §§ 1411 *et seq*.], in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B) (emphasis added). Because the District of Columbia does not have an explicit time limitation, the 90-day deadline applies. *Smith v. District of Columbia*, No. 07-0186, 2007 U.S. Dist. LEXIS 54617 (D.D.C. July, 30, 2007); *T.T. v. District of Columbia,* No. 06-0207, 2006 U.S. Dist. LEXIS 42739, *7-8 (D.D.C. June 26, 2006); *Anthony v. District of Columbia*, 2006 U.S. Dist. LEXIS 31389, *6 (D.D.C. 2006). In *R.P. v. District of Columbia,* 2008 U.S. App. LEXIS 7642, *1-2 (D.C. Cir. March 28, 2008), the United States Court of Appeals affirmed that the IDEIA "grants parties *only* 90 days" to bring an appeal, not 93 days as plaintiffs had argued was required pursuant to "procedural rules that grant a party several additional days to act after service is made" (emphasis added).

Courts in this jurisdiction have applied the 90-day filing period strictly. *See, e.g., R.P. v. District of Columbia*, No. 06-1496, 2007 U.S. Dist LEXIS 11769 (D.D.C. February 22, 2007) (dismissing as untimely a complaint filed 91 days after the HOD), *affirmed, supra; J.S. v. District of Columbia,* No. 07-1265, 2008 U.S. Dist. LEXIS 8648, *3, 6 (D.D.C. February 7, 2008) (dismissing complaint filed four days outside of 90-day filing period)*; Smith,* No. 07-186, 2007 U.S. Dist. LEXIS 54617 (D.D.C. July, 30, 2007)(dismissing complaint filed four days late). Moreover, courts in this jurisdiction have held that when plaintiffs fail to timely file an appeal of a HOD under the IDEIA, the

court will dismiss their claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1). *See E.M. v. District of Columbia*, No. 06-1497 (D.D.C. October 30, 2006) ("a failure to timely file an appeal under the IDEA deprives the Court of subject-matter jurisdiction."); *accord, Cummings v. District of Columbia*, No. 04-1426 (D.D.C. September 7, 2005).

In the present case, the HOD was issued on August 16, 2005. See Plaintiffs' January 20, 2006, Opposition to Motion to Dismiss, Ex. 2. The Complaint seeking review of that decision was filed with this Court, *91 days* later, on November 15, 2007. See Complaint.[1] Because Plaintiffs have failed to timely file their appeal, this Court lacks subject matter jurisdiction to hear the claims presented. Accordingly, the Complaint herein must be dismissed.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-6614
(202) 741-0575 (fax)

July 30, 2008        E-mail: Juliane.DeMarco@dc.gov

---

[1] The Clerk's office recorded the complaint as filed on November 21, 2005. Pursuant to this Court's Order issued July 18, 2006, the November 21, 2005 date is incorrect; the Complaint was actually filed on November 15, 2005.